**HAMMEL et al. v. ROBERTSON, Commissioner of Patents.**

No. 4966.

Court of Appeals of District of Columbia.

Argued Dec. 2, 1930.

Decided Jan. 6, 1931.

Ralph B. Stewart, of Washington, D. C., and J. T. Basseches, of New York City, for appellants.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District dismissing appellant's bill in equity, filed December 6, 1928, seeking a decree that Walter F. Hammel is the inventor of certain alleged new and useful improvements in envelopes as described in his application for letters patent filed in the Patent Office on July 16, 1919, and bearing serial No. 311,280, and that a patent issue to Esther S. Hammel as assignee.

On December 11, 1926, the Examiners-in-Chief affirmed the decision of the Primary Examiner rejecting the claims of the application. On December 7, 1927, appeal was taken to the Commissioner, whose adverse decision thereon was rendered June 7, 1928.

The court below ruled that appellant's remedy was by way of appeal from the decision of the Commissioner to this court.

The Act of March 2, 1927 (44 Stat. 1335), effective May 2, 1927, amending the patent statutes, created a single appellate tribunal in the Patent Office, the Board of Appeals, and gave an applicant the option either to appeal from an adverse decision of the Board of Appeals to this court or to file a bill in equity under section 4915, R. S., as amended by section 11 of the Act of 1927 (35 USCA § 63).

Section 15 of that act (35 USCA § 7 note) reads as follows: "That this Act shall

take effect two months after its approval; but it shall not affect appeals then pending and heard before the examiners in chief or pending before the Commissioner of Patents or in the Court of Appeals of the District of Columbia, and that in all cases in which the time for appeal from a decision of the examiners in chief or of the Commissioner of Patents or for amendment or renewal of application had not expired at the time this Act takes effect, appeals and other proceedings may be taken under the statutes in force at the time of approval of this Act as if such statutes had not been amended or repealed."

On May 2, 1927, the effective date of the amendatory act, the time for appeal from the decision of the Examiners-in-Chief had not expired. In such a situation the applicable statutes were those in force at the time of the approval of the act "as if such statutes had not been amended or repealed." In other words, appellant's remedy was by way of appeal to the Commissioner, and, if dissatisfied with the decision of the Commissioner, by appeal to this court.

Under section 3 of the amendatory act (35 USCA § 7), the Examiners-in-Chief became merged in the Board of Appeals, and that Board, under section 15 (35 USCA § 7 note) had jurisdiction of pending appeals which had not been heard by the Examiners-in-Chief on the effective date of the amendatory act. The present application had progressed beyond that stage, and therefore beyond the jurisdiction of the Board of Appeals. Appellant pursued in part the remedy provided by section 15, for he appealed from the adverse decision of the Examiners-in-Chief to the Commissioner as if the statutes had not been amended or repealed. His only remedy then was by way of appeal to this court. Had he pursued that remedy, section 4915, R. S., irrespective of the amendatory act, would have been applicable.

The decree is affirmed.

Affirmed.